IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-60108

Summary Calendar

NORMA A. SMITH,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(4:95-CV-9-L-S)

September 25, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Norma Smith appeals from a judgment affirming the decision of the Commissioner of Social Security that denied her claim for disability insurance and supplemental security benefits. She argues that the administrative law judge (ALJ) erred in not finding her subjective complaints of pain credible and also in holding that she is capable of a reduced range of sedentary work. She further argues that the ALJ erred in relying on the Medical-Vocational Guidelines and the testimony of the Vocational Expert in

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that jobs exist in the national economy for individuals with her limitations.

We find that there exists substantial evidence to support the ALJ's findings.  Given the evidence of Smith's daily activities and her present course of medical treatment, the ALJ was entitled to find her complaints of debilitating pain overstated.  See Ripley v. Chater, 67 F.3d 552, 556 (5th Cir. 1995).  Furthermore, contrary to Smith's suggestion, the ALJ did not improperly rely solely on the "grids" in the Medical Vocational Guidelines in finding that jobs exist in the national economy for someone of Smith's limitations.  Rather, the ALJ used the grids only as a framework, premising his conclusion primarily upon the individualized testimony of the Vocational Expert.  Because (considering the objective medical evidence in the record) the ALJ was entitled to disbelieve Smith's complaints of debilitating pain, see Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991), the ALJ was free to disregard the Vocational Expert's statement that Smith would be unable to work if her complaints were true.  Accordingly, the decision of the district court is AFFIRMED.